## NEIL HOUSE HOTEL CO v STEARN

Ohio Appeals, 2nd Dist, Franklin Co

No 2442.  Decided March 6, 1935

Wilson & Rector, Columbus, for plaintiff in error.

Gumble & Gumble, Columbus, and Smith W. Bennett, Columbus, for defendant in error.

## OPINION

By THE COURT

The above entitled cause is now being determined on defendant's application for rehearing.  Six specifications are set forth in the application:

"1. The decision of the court contains no discussion of the fundamental question of the intention of the parties and the legal rights and liabilities which they desired to create when the assignment of the 99-year lease (Exhibit B), the collateral agreement (Exhibit C), and the theater lease (Exhibit D), were simultaneously executed."

It was our conclusion that the writings were unambiguous and meant exactly what they said.

The parties having stipulated a penalty, there was no alternative but to so hold.  Oral evidence can not alter writings except where they are ambiguous.  We think our reasoning is fully and adequately set forth in the original opinion.

"2. The court did not clearly construe the alternative conditions contained in the assignment and collateral agreement, which alternatives were first that White and his successors and assigns would erect and complete a theater by September 1st, 1924, or in lieu thereof pay an annual rent to Stearn in the sum of $12,000.00."

It was our determination that the charge of $12,000.00 was not an alternative condition.  Being of that view, of course, we could not discuss alternative conditions since they did not exist.

There possibly was an inadvertence in the statement as to the date of the cancellation of the lease.  However, this would be of no consequence since the present plaintiff was not a party thereto.

"3. We submit that insufficient consideration was given to the legal effect of the foreclosure action, entitled Baker v The Neil House Company, No. 115,716, Court of Common Pleas of Franklin County, Ohio."

Notwithstanding the viewpoint of counsel that the court has given insufficient consideration to the effect of the foreclosure proceeding, yet the question has been under frequent discussion in determining questions of res judicata, stare decisis and estoppel.  We still adhere to our former holdings.

"4. The court states in its opinion that privity of estate did not exist between Stearn and the Neil House Company at the time of the execution of the agreement of February 5, 1925."

This portion of our opinion was directed to the question as to whether or not defendant's claim under his cross-petition was based upon the collateral agreement or the cancellation agreement.  Our observation was that the cancellation agreement standing alone could not be the basis for recovery for the reason that under the theater lease there would not be privity of estate.

Our determination of the cause was on the theory that defendant's cross-petition was based on claimed rights under the collateral agreement.

5. Under this specification attention is called to the fact that we had before us evidence not submitted to Judge King.

We at all times understood this, and all the evidence was read and re-read many times. We found nothing in the additional evidence requiring a contrary view, and hence we found ourselves in full accord with the decision and determination of Judge King.

6. We find nothing specific under this specification and hence do not deem it necessary to make comment.

The application for rehearing will be overruled.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.